IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

YVONNE WEBSTER-PRYCE, individually )
and as personal representative of the Estate of )
KEN WEBSTER, deceased, )
) Civ No. 1:11-civ-00055 (VI)
                  Plaintiff ) MDL No. 2246
vs. )
)
UNITED STATES OF AMERICA, )
)
                  Defendant. )
_____)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant United States of America hereby serves this Answer, Affirmative Defenses and Counterclaim in response to the Complaint in the above-captioned matter.

**ANSWER**

All allegations in the Complaint not specifically admitted are deemed denied.

Unnumbered introduction: The unnumbered introductory paragraph to the Complaint states a legal conclusion to which no response is required, but if a response is required the allegations are denied.

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required, but if a response is required the allegations are denied.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required, but if a response is required the allegations are denied.

1

4. Defendant lacks information sufficient to form a belief as to the residency of the named Plaintiff and therefore the allegations in paragraph 4 of the Complaint are denied. In the alternative, Defendant denies that venue is appropriate in this judicial district. 28 U.S.C. § 1404(a).

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore the allegations are denied.

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore the allegations are denied.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required, but if a response is required, the allegations in paragraph 7 are denied.

8. Defendant admits that the Federal Aviation Administration is an agency within the Executive Branch of the Government, but denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits that the pilot was in communication with air traffic controllers during the course of the flight but denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that, at approximately 1600 Universal Coordinated Time ("UTC"), the pilot of N318WA contacted the San Juan CERAP and reported that he was flying at an altitude of approximately eight thousand eight hundred feet at the time, but

denies the allegation in paragraph 11 of the Complaint to the extent it alleges that the pilot only said he was "descending out of eight point eight."

12.     Defendant admits that, at approximately 1600 UTC the San Juan CERAP communicated with the pilot of N318WA, but denies the allegation in paragraph 12 of the Complaint to the extent it alleges that the quoted statement was the complete communication. Defendant admits that the pilot acknowledged the controller's communication by stating, "roger left to two seven zero vfr above two thousand five hundred south of the plaza for three one eight whisky alpha," but denies the remaining allegations in paragraph 12.

13.     Defendant admits that there were radio transmissions between the pilot and air traffic control at approximately 1603 UTC, but denies the remaining allegations in paragraph 13 of the Complaint.

14.     Defendant admits the allegations in paragraph 14 of the Complaint.

15.     With respect to the first sentence of paragraph 15 of the Complaint, Defendant admits that the controller at the San Juan CERAP, at approximately 1604 UTC said, "three one eight whisky alpha confirm you are in vfr conditions the minimum vectoring altitude in your area is five thousand five hundred feet." Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16.     Defendant admits that there were communications between the controller and the pilot at approximately 1604 UTC, but denies that the transmissions as alleged in paragraph 16 of the Complaint are accurate.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant admits that the FAA is an agency within the United States Department of Transportation. The remaining allegations in paragraph 20 are legal conclusions to which no response is required but if a response is required the allegations are denied.

21. Paragraph 21 of the Complaint states legal conclusions to which no response is required but if a response is required the allegations are denied.

22. Defendant admits that, during a portion of the flight, N318AW was operating within controlled airspace but denies the remaining allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is required but if a response is required the allegations are denied.

24. Defendant denies the allegations in paragraph 24 of the Complaint including all subparts thereof.

25 - 27. Defendant denies the allegations in paragraph 25 - 27 of the Complaint.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required but if a response is required the allegations are denied.

29. Defendant denies the allegations in paragraph 29 of the Complaint

including all subparts thereof.

    30.    Paragraph 30 of the Complaint states legal conclusions to which no response is required but if a response is required the allegations are denied.

    31.    Defendant denies the allegations in paragraph 31 of the Complaint including all subparts thereof.

Unnumbered Prayer for Relief: Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### First Defense

The Court lacks subject matter jurisdiction over claims except as allowed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq.

### Second Defense

Improper venue.  In the alternative, the District of the Virgin Islands is an inappropriate venue.  28 U.S.C. §1404(a).

### Third Defense

The Complaint fails to state a claim for which relief can be granted.

### Fourth Defense

No employee, agent, or servant of the United States breached any duty owed to Plaintiff or her alleged Decedent at any time, and no act or inaction by the United States or any of its employees, agents, or servants was a cause, proximate or otherwise, of any of

the injuries or damages alleged in the Complaint.

### Fifth Defense

Even if Plaintiff and/or her alleged Decedent were injured as alleged in the Complaint, which injuries are not admitted but are specifically denied, the injuries were caused by the negligent acts or omissions of others for whose acts or omissions the United States is not liable or responsible. Subject to Defendant's right to conduct discovery, Defendant asserts that the sole causes of the accident were the negligent, wilful, wanton and reckless decisions of Plaintiff's Decedent (the pilot) to fly into instrument meteorological conditions while flying under Visual Flight Rules, and without an IFR flight plan or timely request for an IFR clearance, in an area of rising and rugged terrain, and in such manner that would preclude him from being able to see and avoid the terrain with which the aircraft collided; the pilot's ignoring of or failing to use all equipment onboard the aircraft which was designed to provide the pilot with advance information or warnings about the terrain with which the aircraft collided; the pilot's ignoring the timely warnings given by the air traffic controller; and the pilot's violation of Federal Aviation Regulations, which actions were not foreseeable.

### Sixth Defense

Even if Plaintiff and/or her alleged Decedent were injured as alleged in the Complaint, which injuries are not admitted but are specifically denied, the negligence of Plaintiff's Decedent (the pilot) superceded and intervened so as to relieve Defendant from

any alleged liability. Subject to Defendant's right to conduct discovery, Defendant asserts that the sole causes of the accident were the negligent, wilful, wanton and reckless decisions by the pilot to fly into instrument meteorological conditions while flying under Visual Flight Rules, and without an IFR flight plan or timely request for an IFR clearance, in an area of rising and rugged terrain, and in such manner that would preclude him from being able to see and avoid the terrain with which the aircraft collided; the pilot's ignoring or failure to use all equipment onboard the aircraft which was designed to provide the pilot with advance information or warnings about the terrain with which the aircraft collided; the pilot's ignoring the timely warnings given by the air traffic controller; and the pilot's violation of Federal Aviation Regulations, which actions superceded and/or intervened so as to relieve Defendant from any liability.

### Seventh Defense

Any recovery against the United States is precluded, eliminated, or reduced by the contributory or comparative negligence of others for whose acts or omissions the United States is not liable or responsible. Subject to Defendant's right to conduct discovery, and without admitting any liability on behalf of the United States, Defendant asserts that the sole causes of the accident were the negligent, wilful, wanton and reckless decisions by Plaintiff's Decedent (the pilot) to fly into instrument meteorological conditions while flying under Visual Flight Rules, and without an IFR flight plan or timely request for an IFR clearance, in an area of rising and rugged terrain, and in such manner that would preclude him from being able to see and avoid the terrain with which the aircraft collided;

the pilot's ignoring or failure to use all equipment onboard the aircraft which was designed to provide the pilot with advance information or warnings about the terrain with which the aircraft collided; the pilot's ignoring the timely warnings given by the air traffic controller; and the pilot's violation of Federal Aviation Regulations, which amounted to comparative or contributory negligence that eliminates or reduces any liability of the United States.

### Eighth Defense

The violation by Plaintiff's Decedent (the pilot) of, *inter alia*, the following regulations, constitute negligence *per se* and caused the accident: 14 C.F.R. § 91.3(a) (pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft); 14 C.F.R. § 91.103(a) (pilot in command shall, before beginning a flight, familiarize himself with all available information concerning that flight); 14 C.F.R. § 91.13 (no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another); 14 C.F.R. § 91.155 (basic VFR flight minimums); 14 C.F.R. 91.119 (minimum safe altitudes); 14 C.F.R. § 135.203 (VFR minimum altitudes); 14 C.F.R. § 135.205 (VFR visibility requirements).

### Ninth Defense

Any recovery against the United States is precluded, eliminated, or reduced by the contributory or comparative negligence of others for whose acts or omissions the United States is not liable or responsible. Subject to Defendant's right to conduct discovery, and without admitting any liability on behalf of the United States, Defendant asserts that this

accident resulted from the negligence and willful misconduct of persons having control or ownership of the accident aircraft who failed to properly train and educate the pilot (Plaintiff's decedent) on the fundamentals of flight in all foreseeable conditions, terrain awareness, flight planning and maneuvers to avoid terrain; who failed to observe the applicable regulations pertaining to the operation and equipping of the accident aircraft.

### Tenth Defense

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the United States of America in excess of the sum certain set forth in a claim properly presented to the Federal Aviation Administration.

### Eleventh Defense

To the extent Plaintiff raises or alleges causes of action, claims, demands and/or items of damages not asserted in a properly submitted administrative claim, there has been a failure to exhaust administrative remedies and this Court lacks subject matter jurisdiction.  The court also lacks subject matter jurisdiction with respect to any survival claim or claim for any personal injuries because such claims were not presented to the FAA in an administrative claim.

### Twelfth Defense

Pursuant to 28 U.S.C. § 2674, Plaintiff cannot recover prejudgement interest from the United States.

### Thirteenth Defense

The permissible plaintiff and damages are limited by the Federal Tort Claims Act

and the applicable law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Plaintiff lacks legal capacity and/or standing to sue on behalf of the decedent's estate or any claimants.

### Fourteenth Defense

Plaintiff is not the real party in interest under the law of the place where the alleged act or omission occurred.

### Fifteenth Defense

Defendant is entitled to any offsets, payments or settlements to the extent permissible.

### Sixteenth Defense

The Court lacks subject matter jurisdiction under the FTCA due to the failure of the named Plaintiff to exhaust administrative procedures by filing a timely administrative claim with the FAA.

### Seventeenth Defense

Insufficient process, and/or service of process due to failure to serve the summons and complaint on the Attorney General of the United States. Fed. R. Civ. P. 4(i)(B); 12(b)(4); 12(b)(5).

### **COUNTERCLAIM**

The United States of America hereby serves this Counterclaim against Plaintiff, individually and as Personal Representative of the Estate of Ken Webster.

1. Jurisdiction over this counterclaim is conferred by 28 U.S.C. § 1346(c).

2.	YVONNE WEBSTER-PRYCE ("Webster-Pryce"), Plaintiff in the above-captioned matter, alleges that she is the Personal Representative of the Estate of Ken Webster, deceased, and that she has sued the United States in her representative capacity for the Estate of Ken Webster, Cleopatra Leola Webster, Jelani A. Sasso, O.K.W., and for herself for the wrongful death of Ken Webster.

3.	The United States incorporates by reference paragraphs 1 through 31 inclusive of its Answer to Plaintiffs' Complaint for Wrongful Death Damages, and all of its Affirmative Defenses.

4.	The United States is a defendant in two actions brought against it in the United States District Court for the Northern District of Ohio, *Clapp et al., v. United States of America*, No. 1:11-cv-00190-JG, and *Cairns v. United States of America*, No. 1:11-cv-00739-PAG.  In both the *Clapp* and *Cairns* actions, it is alleged that the plaintiffs' decedents were passengers in N318WA, the aircraft piloted by Ken Webster (Plaintiff's Decedent) on December 3, 2008, at the time of the accident.  In both the *Clapp* and *Cairns* actions the plaintiffs therein allege that negligence of the United States was the cause of the accident that took the lives of Tracy Turner and Kent Clapp, the passengers aboard N318WA.

5.	The United States has denied any negligence, fault or liability to the plaintiffs in the *Clapp* and *Cairns* actions, and has asserted that the negligence, recklessness and other fault of Plaintiff's Decedent, Ken Webster, was the sole and proximate cause of the accident and the death of Tracy Turner and Kent Clapp.

6. The crash of N318WA on December 3, 2008, which took the lives of Tracy Turner, Kent Clapp, and Ken Webster, was solely due to the negligent, wilful, wanton and reckless decisions by Ken Webster, the pilot-in-command of N318WA. The negligent acts or omissions by Ken Webster that were the proximate cause of the crash include:

(A) Webster's decision to fly into instrument meteorological conditions ("IMC") while flying under Visual Flight Rules ("VFR");

(B) Webster's decision to fly into IMC without an IFR flight plan and/or timely request for an IFR clearance from air traffic control;

(C) Webster's decision to fly into IMC in an area of rising and rugged terrain, and in such manner that would preclude him from being able to see and avoid the terrain with which the aircraft collided;

(D) Webster's ignoring or failure to use all equipment onboard the aircraft which was designed to provide the pilot with advance information or warnings about the terrain with which the aircraft collided, and weather conditions in the vicinity of the crash;

(E) Webster's ignoring the timely warnings given by the air traffic controller that Webster was required to fly in VFR conditions and that Webster was flying below the minimum vectoring altitude, which information Webster knew or should have known notwithstanding his being reminded thereof by the air traffic controller;

(F) Webster's failure to conduct an adequate pre-flight investigation of the weather conditions existing from and between the point of his departure and destination;

(G)  Such other negligent decisions and actions as may be disclosed through discovery.

7. Webster's negligent actions and decisions were not foreseeable to a reasonable air traffic controller in like circumstances.

8. Webster's actions violated the following Federal Aviation Regulations that are intended to prevent the injury and harm that he caused to his passengers and himself, constitute negligence *per se,* and caused the accident:

(A)  14 C.F.R. § 91.3(a) (pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft);

(B)  14 C.F.R. § 91.103(a) (pilot in command shall, before beginning a flight, familiarize himself with all available information concerning that flight);

(C)  14 C.F.R. § 91.13 (no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another);

(D)  14 C.F.R. § 91.155 (basic VFR flight minimums);

(E)  14 C.F.R. 91.119 (minimum safe altitudes);

(F)  14 C.F.R. § 135.203 (VFR minimum altitudes);

(G)  14 C.F.R. § 135.205 (VFR visibility requirements);

(H)  Such other provisions of the Federal Aviation Regulations as may be disclosed through discovery.

9. Webster's actions and decisions to violate the aforementioned Federal Aviation Regulations were not foreseeable to a reasonable air traffic controller in like

circumstances.

10. The United States denies any negligence or liability arising from or in any way relating to the accident. If, however, a judgment or a settlement is recovered against or received from the United States as a result of the accident, the United States is entitled to contribution against the Plaintiff and/or the Estate of Ken Webster, and/or any permissible beneficiaries of Ken Webster for all or part of that judgment or settlement.

11. The United States denies any negligence or liability arising from or in any way relating to the accident. If, however, a judgment or a settlement is recovered against or received from the United States by the Plaintiff in the *Clapp* and/or *Cairns* actions arising from the death of Tracy Turner and Kent Clapp, and/or any permissible beneficiaries of Turner and Clapp as a result of the accident, the United States is entitled to an offset against that judgment or settlement for the amount that the United States is entitled to recover by way of contribution against the Plaintiff and/or the Estate of Ken Webster, and/or any permissible beneficiaries of Ken Webster.

WHEREFORE, the United States respectfully requests that, if a judgment or a settlement is recovered against or received from the United States by the Clapp and/or Cairns plaintiffs, and/or the Estates of Tracy Turner and/or Kent Clapp, and/or any of their permissible beneficiaries as a result of the accident, that a judgment be entered against the Plaintiff and/or the Estate of Ken Webster, and/or the beneficiaries of Ken Webster for all or part of that judgment or settlement. The United States further requests that, if a judgment or a settlement is recovered against or received from the United States

by the Clapp and/or Cairns plaintiffs and/or the Estates of Tracy Turner and/or Kent Clapp, and/or any permissible beneficiaries, that the United States be awarded an offset against that judgment or settlement the amount that the United States is entitled to recover by way of contribution against the Plaintiff and/or the Estate of Ken Webster. The United States further requests an award for interest and costs, and for such further relief as the Court deems proper.

                                                                                 Respectfully submitted,

                                                                                 TONY WEST
                                                                                 Assistant Attorney General

                                                                                 RONALD W. SHARPE
                                                                                 United States Attorney

Dated: 8/5/2011                                  /s/ Angela Tyson-Floyd
                                                                                 Angela Tyson-Floyd
                                                                                Assistant United States Attorney
                                                                                Angela.P.Tyson-Floyd@usdoj.gov


                                                                                /s/ Andrew Eschen
                                                                                ANDREW M. ESCHEN
                                                                                HENRY B. GODDARD, Jr.
                                                                                Trial Attorneys
                                                                                United States Department of Justice
                                                                                Torts Branch, Civil Division
                                                                                P.O. Box 14271
                                                                                Washington D.C.  20044-4271
                                                                                andy.eschen@usdoj.gov
                                                                                Henry.Goddard@usdoj.gov
                                                                                Tel: (202) 616-4027
                                                                                Fax: (202) 616-4159
                                                                                Attorneys for Defendant, United States of America

Of counsel:
Mark Tomicich, Esq.
Office of the Chief Counsel
Federal Aviation Administration
Washington, D.C.

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer, Affirmative Defenses, and Counterclaim with the Clerk of the Court using the CM/ECF system. I also certify that copies of the foregoing were served this same date by placing copies in the U.S. mail, first-class postage prepaid, and addressed as follows:

Jamie R. Lebovitz, Esq.
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
1370 Ontario Street - Suite 100
Cleveland, Ohio 44113
Counsel for Estate of Kent Clapp

David M. Buckner, Esq.
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Coral Gables, Florida 33134
305.442.8666 office
305.779.9535 direct
Counsel for Estate of Kent Clapp

Mary E. Schiavo, Esq.
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Counsel for Estate of Tracy Turner (J. Donald Cairns)

Robert L. Parks, Esq.
Suite 505
2121 Ponce de Leon Blvd.

16

Coral Gables, FL 33134
Counsel for Estate of Ken Webster (Yvonne Webster-Pryce)

William Chester Brewer, Jr.. Esq.
One Clearlake Centre
250 Australian Avenue South
West Palm beach, FL 33401-5086
Counsel for Rainbow International Airlines, Inc.


William E. Crabill, Esq.
Ryan Charles Meade, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
9300 S. Dadeland Blvd.
4th Floor
Miami, FL 33156
Counsel for RAMO LLC and Warren Mosler

Clerk
United States District Court for the Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach, FL 33401


                                                           /s/Angela P. Tyson-Floyd
                                                           Angela P. Tyson-Floyd
                                                           Assistant U.S. Attorney